**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRADY INDUSTRIES, LLC, ) | 2:12-cv-00777-PMP-VCF |
| ) Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| WAXIE'S ENTERPRISES, INC, ) | (Stipulated Confidentiality Agreement |
| ) | and Protective Order #41) |
| Defendant. ) | |
| _____) | |

Before the court is the parties' Stipulated Confidentiality Agreement and Protective Order (#41) which the court approves, with the exception of language in paragraph 15. This order reminds counsel that there is a presumption of public access to judicial files and records. Language in paragraph 15 of the parties' proposed stipulation was not approved and was deleted by the court. Paragraph 15 stated that "Any pleading, paper or other document filed in this action which contains or discloses Designated Information shall be filed under seal in an envelope or other container with a label identifying this action and the title or nature of the enclosed material, and indicating that the material is confidential, for use by the Court only, and to be maintained under seal pursuant to the terms of the Order on this Stipulation." (#41).

Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.*

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*, 447 F.3d 1172:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
>   In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1. Deleted language in Paragraph 15 of the parties' Stipulated Confidentiality Agreement and Protective Order (#41) is **NOT APPROVED**.

2. The parties must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

. . .

. . .

. . .

3. The parties' Stipulated Confidentiality Agreement and Protective Order (#41), as modified and signed by the court, is **APPROVED.**

Dated this 2nd day of August, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

Mark G. Tratos (Bar No. 1086)
Peter H. Ajemian (Bar No. 9491)
Tyler R. Andrews (Bar No.9499)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
tratos@gtlaw.com
ajemianp@gtlaw.com

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRADY INDUSTRIES, LLC. a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WAXIE'S ENTERPRISES, INC., a California corporation,<br><br>Defendant. | Case No. 2:12-cv-00777-PMP-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Pursuant to the Stipulation contained herein by and among counsel for Brady Industries, LLC ("Plaintiff") and counsel for Defendant, Waxie's Enterprises, Inc. ("Defendant"), the Court hereby finds as follows:

1. The "Litigation" shall mean the above-captioned case, Brady Industries, LLC v. Waxie's in the United States District Court, District of Nevada Case No. 2:12-cv-00777, including all existing and potential claims and counterclaims between the Parties.

2. "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed,

1

filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation. A draft or non-identical copy is a separate document within the meaning of these terms.

3. "Party" (or "Parties") shall mean one party (or all parties) in this Litigation, and their in-house and outside counsel. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4. CONFIDENTIAL Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL."

5. CONFIDENTIAL-ATTORNEYS EYES ONLY Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL-ATTORNEYS EYES ONLY."

6. As a general guideline, materials designated "Confidential" shall be those confidential and sensitive matters that may be disclosed to the parties for the purpose of the litigation, but which a producing or disclosing party contends must be protected against disclosure to third parties. As a general guideline, materials designated "Confidential-Attorney's Eyes Only" shall be those confidential and sensitive matters of a proprietary business or technical nature which might be of value to a potential competitor of the party or non-party holding the proprietary rights thereto, and which a producing or disclosing party contends must be protected from disclosure to such party and/or third parties. Absent a specific order by this Court, information once designated as "Confidential" or "Confidential-Attorneys Eyes Only" shall be used by parties solely in connection with this litigation, and not for any business or competitive purpose or function and such information shall not be disclosed to anyone except as provided herein. A designation of any information as "Confidential" or "Confidential-Attorneys Eyes Only" constitutes

2

certification by the designating party that such person has reviewed the Designated Information and has made a *bona fide* determination that: (1) such information contains trade secrets, competitively sensitive information or other confidential information; (2) disclosure of such information without restriction would be detrimental to that party in the conduct of its business and cause cognizable harm; and (3) there is good cause for seeking the Court's protection.  The parties are to exercise good faith in limiting designation of Designated Information to the lowest level of confidentiality protection reasonably necessary to protect the interests of a producing and disclosing party as provided herein.

**Persons Permitted to Have Access to Designated Information**

7. The following persons may have access to Designated Information marked in this action:

   a. For Designated Information marked "Confidential - Attorneys Eyes Only"

      i. Trial counsel of record for the parties and all partners, associates, and law firm staff thereof who are performing legal services in connection with this action;

      ii. Judges, court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial; and

      iii. Technical, trade, or financial experts or any other persons retained by trial counsel who are reasonably necessary to assist trial counsel of record in this action who execute a Protective Order Acknowledgement (in the form of attached Exhibit A) under the procedure set out in Section 3.

   b. For Designated Information marked "Confidential":

      i. All persons set out in Section 7(a); and

3

LV 420026481v1

    ii. Each party and their respective spouses, accountants, officers, directors, managers, corporate representatives and in-house attorneys for each party, who are necessary to the defense or prosecution of any issues in this matter.

### Objections to Disclosure

8. The parties shall have the right to object to the disclosure of Designated Information to persons executing an Acknowledgment Under Protective Order (Exhibit A), as provided in Section 2(a)(iii) above, if such an objection to disclosure is made in writing to counsel for all parties within seven (7) business days of receipt of the following:

  a. The name of the proposed person;

  b. The present employer and title of the proposed person:

  c. The reason for disclosure to the proposed person;

  d. In the case of an independent expert or consultant, an up-to-date curriculum vitae; and

  e. An executed Acknowledgement Under Protective Order (Exhibit A).

The objecting party shall have within seven (7) business days after making its written objection to move the Court for an order prohibiting the disclosure at issue. If an objection is made, no Designated Information shall be made available to the individual in question until after the Court rules that such a disclosure can occur, so long as the written objection to the disclosure is followed by a prompt filing of a motion with the Court.

Failure to object within seven (7) business days to the proposed recipient shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by that person by later making a written objection and moving the Court for an order prohibiting or further restricting continued access to the Designated Information.

/ / /

/ / /

/ / /

4

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420026481v1

### Use of Designated Information For Trial Preparation Only: Same Restrictions Apply to Derivative Documents

9. Designated Information shall be used only for the purpose of preparing for the trial of this action, and shall be marked as "Confidential" or "Confidential-Attorneys Eyes Only" by the person or entity claiming confidentiality pursuant to the terms of the Order hereon, at or before the time when such material is being provided (or at such later time as provided below). Such notation shall be placed on every page of each document so designated. Similarly, if a document, transcript, videotape, or exhibit attached to a transcript contains information designated "Confidential-Attorneys Eyes Only" by a party, such document, transcript, video or exhibit shall be marked with the legend "Confidential-Attorneys Eyes Only.'" Such notation shall be placed on every page of each document so designated, and in the case of the videotape, the party so designating shall be responsible for assuring that the court reporter labels the videotape or CD/DVD with a legend to the effect that portions of the video are so designated.

10. Designated Information or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person qualified to have access.

### No Waiver of Right to Object or Challenge Designation

11. The signing of the Order on this Stipulation, or failure of a party, at the time he/it receives Designated Information, to challenge or object to the "Confidential" or "Confidential-Attorneys Eyes Only'" designation shall not be deemed a waiver of its right to challenge or object to the "Confidential" or "Confidential-Attorneys Eyes Only" designation at any later time. The passage of time before challenge or objecting to such designation shall not be a factor weighing against such challenge or objection.

### Matters Otherwise Known Shall Not be Designated Information

12. Designated Information shall not include any document, information or other materials which:

5

1     a.    has been or becomes part of the public domain by publication or otherwise
2 and not due to any unauthorized act or omission on the part of the receiving party;

3     b.    already known to or received by a receiving party, prior to the mutual
4 execution of this Stipulation by all parties hereto by their counsel herein.

5     c.    was already known to a receiving party by lawful means prior to acquisition
6 from, or disclosure by, the producing party; or

7     d.    is made available to a party by a third party who obtained the same by legal
8 means and without any obligation of confidence to the party claiming its confidential
9 nature.

## Duty of Care and Duty To Report Unauthorized Disclosure

11    13.   Any person in possession of Designated Information shall exercise
12 reasonable and appropriate care with regard to the storage, custody or use of Designated
13 Information In order to ensure that the confidential nature of the same is maintained.

14    14.   If Designated Information is disclosed to anyone other than in a manner
15 authorized by this Order, the party responsible for such disclosure must immediately bring
16 all pertinent facts relating to such disclosure to the attention of the other party and make
17 every effort to prevent further disclosure.

18    15.   Any pleading, paper or other document filed in this action which contains or
19 discloses Designated Information shall be filed under seal ~~in an envelope or other~~ in accordance with Court Local Rules.
20 ~~container with a label identifying this action and the title or nature of the enclosed material,~~
21 ~~and indicating that the material is confidential, for use by the Court only, and to be~~
22 ~~maintained under seal pursuant to the terms of the Order on this Stipulation.~~

## Designation of Information at Deposition: Subsequent Designation

24    16.   Testimony taken at a deposition may be designated as CONFIDENTIAL or
25 CONFIDENTIAL-ATTORNEYS EYES ONLY by any Party making a statement to that
26 effect on the record at the deposition or within ten (10) business days of receipt of the
27 transcript. Arrangements shall be made with the court reporter taking and transcribing

*LV 420026481v1*

such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY, and to label such portions appropriately.  Counsel for the Parties may also designate an entire deposition transcript as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY at the time of the deposition or within ten (10) business days of receipt of the transcript.  Documents produced by any party which contain Designated Information shall be designated and marked by the producing party as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of production. Information disclosed at a deposition or in a document that is not designated as "Confidential" or "Confidential-Attorneys Eyes Only" under the procedure set forth above shall not thereafter be designated as Designated Information.  However, if a party, through inadvertence, produces any Designated Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, and consistent with provisions and principles underpinning Federal Rule of Evidence 502, the producing party may give written notice to the receiving party that the document or thing produced is deemed "Confidential" or "Confidential-Attorneys Eyes Only" and should be treated as such in accordance with the provisions of this Order.  The receiving party shall treat such documents and things as Designated Information from the date such notice is received.  Disclosure, prior to  the receipt of such notice, of such Designated Information to persons not  authorized to receive Designated Information shall not be deemed a violation of the Order on this Stipulation.

**Disposition of Designated Information After Conclusion Of This Action**

17.     Within sixty (60) days of the later of the final conclusion of this action, including any appeals or petitions for review or either of such actions, all Designated Information, including all electronic and photocopies thereof, shall be destroyed by the receiving party (or, upon request, returned to the producing party at the producing party's expense).  Provided, however, that attorneys of record for each party shall be entitled to

7

retain all exhibits admitted into evidence at trial, pleadings, motion papers, discovery responses, deposition transcripts and exhibits, legal memoranda, correspondence and work product.

## This Stipulation and Order Thereon Not Dispositive Of All Issues Regarding Designation Information

18. This Stipulation and Order thereon are not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity, or to preclude any party from seeking relief either from a provision of the Order on this Stipulation or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure or under Federal Rule of Evidence 502.  Inadvertent production of documents subject to work product immunity or the attorney client privilege shall not constitute a waiver of the immunity of privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production after the producing party learns of such inadvertent production.  If prompt notification is made and the producing party establishes the circumstances surrounding the document's inadvertent production, such inadvertently produced document and all copies thereof shall be returned to the producing party or destroyed, upon request.

## Procedure For Challenging Designation by Producing Party

19. If a party challenges the grounds or basis for the designation of any document(s) or information as Designated Information (including a challenge to whether it should be designated at the higher level of protection of "Confidential - Attorneys Eyes Only" as opposed to merely "Confidential"), counsel for the affected parties shall meet and confer expeditiously, including by personal consultation with a sincere effort to resolve the disputed issues without court action.

20. Any party to this Stipulation may, at any time, request the modification of the Order entered on this Stipulation, upon a showing of good cause.

*LV 420026481v1*

21. The obligations of this Order shall survive the termination of the action and continue to bind the parties.

**IT IS SO STIPULATED.**

Dated this 31st day of July, 2013.                Dated this 31st day of July, 2013.

GREENBERG TRAURIG, LLP                            SELTZER CAPLAN MCMAHON VITEK

*/s/ Peter H. Ajemian*                            */s/ Michael A. Leone*

TYLER R. ANDREWS, ESQ.                            MICHAEL A. LEONE, ESQ.
Nevada Bar No. 9499                               California Bar No. 151276
PETER H. AJEMIAN, ESQ.                            750 B Street, Suite 2100
Nevada Bar No. 9491                               San Diego, California  92101
3773 Howard Hughes Parkway                        *Counsel for Defendant*
Suite 400 North
Las Vegas, Nevada 89169
*Counsel for Plaintiff*

**ORDER**

**IT IS HEREBY ORDERED.**

DATED this 2nd day of August, 2013.

_____
**UNITED STATES ~~DISTRICT COURT~~ JUDGE**
Magistrate

LV 420026481v1

9

# CERTIFICATE OF SERVICE

I do hereby certify that on the 31st day of July, 2013, I served a copy of the foregoing **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** via the court's CM/ECF electronic mail to the last known email address:

Michael A. Leone, Esq.
Seltzer Caplan McMahon Vitek
750 B Street
2100 Symphony Towers
San Diego, California 92101
*Attorney for Defendant*

*James P.C. Silvestri, Esq.*
*PYATT SILVESTRI & HANLON*
*701 Bridger Avenue, Suite 600*
*Las Vegas, Nevada 89101*
jsilvestri@psh-law.com
*Attorney for Defendant*

                                         /s/ Sara J. Haro
                                         An employee of GREENBERG TRAURIG, LLP

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420026481v1

<u>EXHIBIT A</u>

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRADY INDUSTRIES, LLC. a Nevada limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>WAXIE'S ENTERPRISES, INC., a California corporation,<br><br>    Defendant. | Case No. 2:12-cv-00777-PMP-VCF<br><br>**PROTECTIVE ORDER ACKNOWLEDGEMENT** |

ACKNOWLEDGMENT UNDER PROTECTIVE ORDER

I,_____ state as follows:

I hold the title of _____ with the following responsibilities _____ for _____ and I hereby acknowledge that I have been furnished with a copy of the Protective Order in this action, and that I have read and do understand it, and I agree to be bound by it.  I agree to submit to the jurisdiction of this Court in connection with any proceeding or hearing relating to Confidential Information in this action, including any proceeding relating to enforcement of the Protective Order for Confidential Information.

_____         _____
Date                                         Signature

11

LV 420026481v1