UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRADY INDUSTRIES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> WAXIE'S ENTERPRISES, INC., <br><br> Defendant. | 2:12-cv-00777-PMP-VCF <br><br> ORDER |

  Before the Court for consideration are Cross Motions for Partial Summary Judgment filed on behalf of Plaintiff, Brady Industries, LLC (Doc. #46) and Defendant/Counter Claimant Waxie's Enterprises, Inc. (Doc. #45). On January 16, 2014, the Court heard argument on both fully briefed motions.

  Plaintiff Brady seeks summary judgment on the issue of copyright infringement because the undisputed facts show that Brady did not infringe a protectable copyright owned by Waxie's. Brady cites three grounds in support of its motion.

  First, Brady argues Waxie's claim of copyright infringement fails because the undisputed evidence demonstrates a lack of originality and authorship of the works allegedly infringed. Second, Brady argues that even if Waxie's could prove that the alleged infringed material was original, any copying by Brady of such material was de minimis and is, therefore, not actionable. Finally, Brady argues that even if Waxie's were able to show that the allegedly infringed contact was entitled copyright protection, Waxie's cannot prove that it has sustained any identifiable damages as a result of the alleged infringement.

1  Defendant/Counter Claimant Waxie's argues that it is entitled to partial summary
2  judgment on its first claim of copyright infringement, because it is the owner of valid
3  copyrights in the Green Identifiers contained in its 2007 Product Catalog, which it maintains
4  Brady infringed when Brady published the "Brady Catalog containing word for word
5  copying  of Waxie's Green Identifiers."  As a result, Waxie's argues it is entitled to partial
6  summary judgment on Brady's first claim for declaratory relief pursuant to 28 U.S.C. §
7  2201, because Brady engaged in actionable copying of Waxie's copyrighted material.

8  Having considered the arguments of counsel presented on the papers and at the
9  hearing, the Court finds that the only issue amenable to resolution on summary judgement
10 relates to the request monetary damages on Defendant Waxie's Counterclaim.  By its
11 Complaint, Brady seeks only declaratory and injunctive relief. (See Doc. #1).  By the
12 Counterclaim set forth in Waxie's  Amended Answer (Doc. #31), Waxie's seeks injunctive
13 relief but also an award of damages and disgorgement of profits from Brady.  However, as
14 acknowledged by Waxie's at the hearing conducted January 16, 2014, the record developed
15 in this case does not evidence quantifiable monetary damages to Waxie's as a result of
16 Brady's allegedly infringing conduct, nor does it reveal profits by Brady as to which
17 Waxie's would be entitled to recover by a disgorgement award.  The Court finds no genuine
18 issues of material fact remain on the issue of monetary damages to Waxie's or profits to
19 Brady, and that partial summary judgement is therefore appropriate on this issue alone.

20 The Court further finds, however, that genuine issues of material fact remain as to the
21 infringement issues presented by the parties.

22 **IT IS THEREFORE ORDERED** that Plaintiff Brady's Motion for Partial Summary
23 Judgment (Doc. #46) is GRANTED to the limited extent that Defendant Waxie's shall be
24 precluded from requesting an award of damages or disgorgement of profits from Brady at
25 that time of trial.

26 **IT IS FURTHER ORDERED** that Plaintiff Brady's Motion for Partial Summary
27 Judgment (Doc. #46) and Defendant/Counter Claimant Waxie's Motion for Partial Summary
28 Judgment (Doc. #45) is DENIED in all other respects.

1 **IT IS FURTHER ORDERED** that the Parties shall have to and including **February 20, 2014** within which to file a Joint Pretrial Order. In that Joint Pretrial Order, the Parties shall jointly address the question of whether either Party remains entitled to a trial before a jury in light of the fact that the only potential relief remaining in this case would be equitable in the form of declaratory and/or injunctive relief.

DATED: January 21, 2014.

_____
PHILIP M. PRO
United States District Judge