1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8    BRADY INDUSTRIES, LLC,

9                    Plaintiff,                    2:12-cv-00777-PMP-VCF

10   vs.                                           ORDER

11

12   WAXIE'S ENTERPRISES, INC.,

13                    Defendant.

14

15       Before the Court for consideration are Cross Motions for Partial Summary Judgment

16   filed on behalf of Plaintiff, Brady Industries, LLC (Doc. #46) and Defendant/Counter Claimant

17   Waxie's Enterprises, Inc. (Doc. #45).  On January 16, 2014, the Court heard argument on both

18   fully briefed motions.

19       Plaintiff Brady seeks summary judgment on the issue of copyright infringement because

20   the undisputed facts show that Brady did not infringe a protectable copyright owned by Waxie's.

21   Brady cites three grounds in support of its motion.

22       First, Brady argues Waxie's claim of copyright infringement fails because the

23   undisputed evidence demonstrates a lack of originality and authorship of the works allegedly

24   infringed.  Second, Brady argues that even if Waxie's could prove that the alleged infringed

25   material was original, any copying by Brady of such material was de minimis and is,

26   therefore, not actionable.  Finally, Brady argues that even if Waxie's were able to show that

27   the allegedly infringed contact was entitled copyright protection, Waxie's cannot prove that

28   it has sustained any identifiable damages as a result of the alleged infringement.

Defendant/Counter Claimant Waxie's argues that it is entitled to partial summary judgment on its first claim of copyright infringement, because it is the owner of valid copyrights in the Green Identifiers contained in its 2007 Product Catalog, which it maintains Brady infringed when Brady published the "Brady Catalog containing word for word copying of Waxie's Green Identifiers." As a result, Waxie's argues it is entitled to partial summary judgment on Brady's first claim for declaratory relief pursuant to 28 U.S.C. § 2201, because Brady engaged in actionable copying of Waxie's copyrighted material.

Having considered the arguments of counsel presented on the papers and at the hearing, the Court finds that the only issue amenable to resolution on summary judgement relates to the request monetary damages on Defendant Waxie's Counterclaim. By its Complaint, Brady seeks only declaratory and injunctive relief. (See Doc. #1). By the Counterclaim set forth in Waxie's Amended Answer (Doc. #31), Waxie's seeks injunctive relief but also an award of damages and disgorgement of profits from Brady. However, as acknowledged by Waxie's at the hearing conducted January 16, 2014, the record developed in this case does not evidence quantifiable monetary damages to Waxie's as a result of Brady's allegedly infringing conduct, nor does it reveal profits by Brady as to which Waxie's would be entitled to recover by a disgorgement award. The Court finds no genuine issues of material fact remain on the issue of monetary damages to Waxie's or profits to Brady, and that partial summary judgement is therefore appropriate on this issue alone.

The Court further finds, however, that genuine issues of material fact remain as to the infringement issues presented by the parties.

**IT IS THEREFORE ORDERED** that Plaintiff Brady's Motion for Partial Summary Judgment (Doc. #46) is GRANTED to the limited extent that Defendant Waxie's shall be precluded from requesting an award of damages or disgorgement of profits from Brady at that time of trial.

**IT IS FURTHER ORDERED** that Plaintiff Brady's Motion for Partial Summary Judgment (Doc. #46) and Defendant/Counter Claimant Waxie's Motion for Partial Summary Judgment (Doc. #45) is DENIED in all other respects.

**IT IS FURTHER ORDERED** that the Parties shall have to and including **February 20, 2014** within which to file a Joint Pretrial Order.  In that Joint Pretrial Order, the Parties shall jointly address the question of whether either Party remains entitled to a trial before a jury in light of the fact that the only potential relief remaining in this case would be equitable in the form of declaratory and/or injunctive relief.

DATED: January 21, 2014.


_____
PHILIP M. PRO
United States District Judge